JODI LINKER
Federal Public Defender
Northern District of California
ANGELA CHUANG
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:    (415) 436-7706
Email:          Angela_Chuang@fd.org

Counsel for Defendant Butt

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VINCENT BUTT,<br><br>　　　　Defendant. | **Case No.:** CR 21–408 VC<br><br>**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM**<br><br>**Court:**　　　Courtroom 4, 17th Floor<br>**Hearing Date:**　July 17, 2024<br>**Hearing Time:**　2:00 p.m. |

Vincent Butt hereby submits this supplemental sentencing memorandum to add to the arguments made in his original sentencing memorandum. *See* Dkt. No. 56. Mr. Butt first came before this Court for a sentencing hearing on November 28, 2022. By that time, he had already taken immense strides towards rehabilitation during the roughly 20 months that he had been on pretrial release. The Court agreed to defer sentencing to give Mr. Butt the opportunity to demonstrate that he had truly turned his life around and that his newfound stability was here to stay. Since then, as the Court is well aware from numerous status conferences that have been held in this matter, Mr. Butt has flourished by any measure. In recognition of his remarkable progress, the government recently dismissed the original charge that would have required a mandatory minimum sentence of 60 months, and Mr. Butt instead pleaded guilty to a count of Possession with Intent to Distribute Methamphetamine with no mandatory minimum. *See* Dkt. No. 84. Because the present charge has a lower statutory maximum than the previous charge, the Base Offense Level is 32[1] and his resulting Guidelines range is now 151–188 months. Plea Agreement ¶ 7. The PSR should be amended to reflect the new charge in this matter as well as the new Guidelines range.[2]

Mr. Butt respectfully requests that the Court impose a non-custodial sentence of time served with three years of supervised release. He recognizes that his request for a non-custodial sentence may seem extraordinary for someone with a Guidelines range such as his. But Mr. Butt's progress over the last few years **is** extraordinary, and precisely the type of situation that calls for a downward variance to a non-custodial sentence. A prison sentence at this point would be unwarranted and counterproductive, and would erase all the gains that Mr. Butt has worked so hard to achieve.

Mr. Butt's turnaround from his past life—which included years of daily intravenous meth abuse and substantial trauma—has been nothing short of remarkable, and it has been wonderful to witness that positive trajectory continue since his original sentencing hearing in November 2022. As the Court knows, he has continued to excel on pretrial supervision. He has maintained his sobriety and has continued to engage with outpatient treatment and Center Point alumni sessions. He has

---

[1] This is due to the fact that Mr. Butt is a career offender. *See* PSR ¶ 29.
[2] Because the original charge had a higher statutory maximum, the Base Offense Level was 34 at the time the PSR was issued. PSR ¶ 29.

DEF'S SENT. MEM.
*BUTT*, CR 21–408 VC

1

performed so well at work, where he manages and supervises an entire crew, that his employer has sent him to training courses to help prepare him for even greater managerial roles and responsibilities. He has continued to raise his teenage son—whom he won full custody of during the pendency of this case—and to provide a stability in his son's life to help guide him in navigating and processing the trauma that he had experienced in his past. Mr. Butt's son, who had been kept out of school by his mother for years before Mr. Butt gained custody of him, is now a rising high-school senior who is making good grades and who is on track to graduate next year.

This road has not been an easy one without obstacles. Mr. Butt would be the first to admit that and indeed, he has expressed that sentiment directly to the Court at status conferences. He has faced significant stressors, including a demanding job and for a period of time, an inhospitable living environment that caused him concern for his and his son's safety. But in the face of great challenges, Mr. Butt has held strong and has risen to the occasion. When he realized that he and his son had to move because his landlord's son was unstable and sometimes aggressive, he spent months applying to housing programs and organizations to find a new place. To aid in that process, he had to improve his credit score and did so to such a degree that he was able to successfully move into a new apartment last fall. Eventually, he would like to be in the position where he can purchase his own home, an aspiration that would have seemed outright impossible a few years ago but that now feels achievable.

The Mr. Butt that comes before this Court today is a far cry from the Mr. Butt who first appeared on this matter three-and-a-half years ago. He is a success story that reflects the great things that are possible with the right types of supportive services in place. He is a living, breathing example that nobody is beyond hope.

## CONCLUSION

For all the reasons set forth above, Mr. Butt respectfully requests that the Court impose a sentence of time served with three years of supervised release. Such a sentence is sufficient but not greater than necessary to achieve the sentencing goals laid out in § 3553(a).

| | |
|---|---|
| Dated:   July 10, 2024 | Respectfully submitted,<br><br>JODI LINKER<br>Federal Public Defender<br>Northern District of California<br><br>_____/S_____<br>ANGELA CHUANG<br>Assistant Federal Public Defender |